UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI BHAT, et al.,<br><br>        Plaintiffs.<br><br>v.<br><br>YUSUFU TAJIGULI,<br><br>        Defendant. | Case No.23-cv-05425-PCP<br><br>**ORDER DENYING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 2, 10 |

      Before the Court is defendant Yusufu Tajiguli's application to proceed in forma pauperis. Also pending before the Court is the plaintiffs' motion to remand. For the following reasons, the Court denies the defendant's application to proceed in forma pauperis and remands the case to Santa Clara Superior Court for lack of federal subject matter jurisdiction.

## BACKGROUND

      The plaintiffs, Ravi Bhat and Meenakshi Bhat as Trustees of the Ravi and Meenakshi Bhat Living Trust, are owners of real property located at 5537 Perugia Circle, San Jose, CA 95138. They allege that they entered into a written lease agreement with defendant Yusufu Tajiguli on October 16, 2022 with respect to that property. The plaintiffs and defendant are all residents of Santa Clara County and thus citizens of California. The complaint alleges that the defendant was delinquent in the amount of $6,000 as of August 15, 2023, and failed to pay rent or vacate the property within three days of a notice. The plaintiffs then commenced this unlawful detainer action in Santa Clara Superior Court on August 21, 2023 seeking restitution of possession of the property, unpaid rent in the amount of $6,000, and damages at a rate of $200 per day from September 1, 2023 for each day the defendant continues to possess the property. Appearing pro se, the defendant filed a notice of removal and an application for leave to proceed in forma pauperis on October 23, 2023. On December 6, 2023, the plaintiffs filed a motion to

remand.

## LEGAL STANDARDS

Courts may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). Courts "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987). One such circumstance is where the complaint fails to establish federal subject matter jurisdiction.

A defendant may remove a suit from state court to federal court only if the federal court would have had original subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").

## ANALYSIS

This Court lacks federal subject matter jurisdiction and must remand the case. Unlike state courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a general matter, Congress has authorized federal jurisdiction only in cases that present a federal question, *see* 28 U.S.C. § 1331, or where there is complete diversity of

citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C § 1332.[1]

Neither basis for jurisdiction exists here. The plaintiffs' complaint for unlawful detainer arises solely under California law and does not state a cause of action arising under the Constitution, laws, or treaties of the United States. Federal question jurisdiction is not available. *See* 28 U.S.C. § 1331. The plaintiffs' complaint also does not allege complete diversity of citizenship or an amount of controversy that exceeds $75,000, as required to establish diversity jurisdiction. The plaintiffs and defendant in this action are citizens of California, *see* Dkt. No. 1-1, at 1, and the amount of controversy is alleged to be only "OVER $10,000," *see* Dkt. No. 1, at 7, 9.

Because the Court lacks subject matter jurisdiction, it must remand the case to Santa Clara Superior Court. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, Yusufu Tajiguli's application to proceed in forma pauperis is denied and this matter is remanded to Santa Clara Superior Court.

**IT IS SO ORDERED.**

Dated: January 18, 2024

_____
P. CASEY PITTS
United States District Judge

---

[1] Although there are other limited grounds for federal subject matter jurisdiction, none are relevant here.

3